UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Joshua A. J., | No. 22-cv-3012 (DSD/DLM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Frank Bisignano, Commissioner of Social Security, | |
| Defendant. | |

---

Before the Court is Plaintiff's Motion for Attorney Fees (Doc. 35) in which he moves under 42 U.S.C. § 406(b) for the Court to order a net attorney fee award of $2,265.23 (Doc. 35 at 1 ¶ 1). Plaintiff represents that he calculated this amount by subtracting his previously awarded attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, of $6,407.50 from his total back benefits of $8,672.73. (*Id.*) In support of the motion, Plaintiff filed a notice of award for Title XVI benefits, a fee agreement, and an exhibit appointing Plaintiff's attorney as his representative. (Docs. 37–39.) The fee agreement provides that Plaintiff's attorney would receive a fee "equal to twenty-five percent (25%) of the past-due benefits that are awarded" if Plaintiff should prevail in his lawsuit. (Doc. 38 at 1.) The Commissioner does not oppose the motion, leaving it to the Court to decide whether the requested fees are reasonable. (Doc. 42.)

Under § 406(b), when a court renders judgment in favor of the claimant, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is

entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). This fee is payable "out of, and not in addition to, the amount of such past-due benefits." *Id.* Although fees may be awarded under the EAJA and § 406(b), the claimant's attorney must refund the smaller amount to the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). To determine whether § 406(b) fees are appropriate, courts must conduct "an independent check" to confirm that the results of a contingent-fee agreement are reasonable. *Id.* at 807.

Here, Plaintiff accurately recounts that the court previously awarded him EAJA fees totaling $6,407.50 because he was the prevailing party and the court found the fee request reasonable. (Doc. 34.) In that motion for EAJA fees, Plaintiff represented that the fee request of $6,407.50 was comprised of the following: attorney James H. Greeman spent 3.5 hours at an hourly rate of $233 for a total of $815.50, and attorney Dori H. Lelan spent 24 hours at an hourly rate of $233 for a total of $5,592.00. (Doc. 27 at 5.) Plaintiff now requests payment of $2,265.23 under § 406(b) based on these hourly rates, although the actual amount requested is $8,672.73 for reasonableness considerations because that is the § 406(b) fee sought minus the amount already recovered under the EAJA.

The Court finds that this fee award is not unreasonable. *See Jones v. Berryhill*, 699 Fed. App'x 587, 588 (8th Cir. 2017). Counsel took the risk of providing legal services with no guarantee of payment. The results achieved are also considerable for Plaintiff given the hours invested. Considering the risks of contingent representation in conjunction with the results achieved, the Court finds that Plaintiff's counsel's requested fee is reasonable. The Court also finds that they do not exceed 25% of the total past-due benefits. *Gisbrecht*, 535 U.S. at 807–08.

## RECOMMENDATION

Therefore, based on the above, as well as on the files, records, and proceedings in this case, **IT IS RECOMMENDED** that:

1. Plaintiff's Motion for Attorney Fees (Doc. 35) be **GRANTED**; and

2. Plaintiff's counsel be awarded attorney's fees under 42 U.S.C. § 406(b) in the amount of $2,265.23.

DATED:  June 10, 2025          *s/Douglas L. Micko*
                                              DOUGLAS L. MICKO
                                              United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).